# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KEVIN L. GREENE, | ) |
| Movant/Petitioner, | ) |
| v. | ) Case No. CV408-020 |
| UNITED STATES and GEORGIA, | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Kevin Greene, currently incarcerated in the Chatham County Detention Center, seeks relief from a federal conviction and a "pending [state] trial" on the same or similar charges. (Doc. 1 at 8.) He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Id. at 1.) Section 2254 petitions, however, apply to state court convictions, while 28 U.S.C. § 2255 motions apply to judgments of federal courts. Regardless of this obvious defect, if the Court were to attempt to address the state issues under either §§ 2254 or 2241, or the federal issues under § 2255, the petition/motion should be **DENIED** as premature.

To the extent Greene seeks relief from the pending state trial under

§ 2254, his claim is barred because he is not yet attacking "custody pursuant to the *judgment* of a State court." 28 U.S.C. § 2254 (b)(1) (emphasis added); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("[s]ection 2254 . . . applies only to post-trial situations"). If the Court were to construe this as a petition brought pursuant to 28 U.S.C. § 2241, the petition should still be denied. A § 2241 petition provides a federal habeas remedy to a state prisoner who is held in custody in violation of the Constitution, laws, or treaties of the United States. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); Stacey, 854 F.2d at 403 n.1 ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). Greene, however has failed to satisfy the common law exhaustion requirement for § 2241 claims.[1]

---

[1] The United States Supreme Court in Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973), stated that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 490. While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring);

Rather than affording the state courts a fair opportunity to resolve his federal constitutional claims by seeking the appropriate relief at the state level, he has resorted directly to this Court by filing a federal habeas proceeding. Accordingly, this Court lacks the authority under § 2241 to review the constitutionality of his confinement.

To the extent Greene is attacking his federal conviction pursuant to § 2255, his claim is barred because he currently has an appeal pending before the Eleventh Circuit. United States v. Greene, No. 07-14593 (11th Cir. filed Sept. 28, 2007). As such, this Court lacks jurisdiction to consider his § 2255 motion at this time. United States v. Dunham, 240 F.3d 1328, 1329-1330 (11th Cir. 2001). "Absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending." Vita v. United States, No. 206cv408, 2006 WL 2460705, at *1 (M.D. Fla. Aug. 23, 2006) (citing Fernandez v. United States, 941 F.2d 1488, 1491

---

Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); see Wilson v. Hickman, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

(11th Cir. 1990)). Greene has not alleged any "extraordinary circumstances" requiring immediate review. In fact, the filing is entirely devoid of any facts supporting his grounds for relief. He has merely stated legal arguments, blatantly ignoring the clear instructions on his § 2254 form petition, which emphasizes: "Summarize <u>briefly</u> the <u>facts</u> supporting each ground." (Doc. 1 at 5 (emphasis in original).)

For all of the above reasons, Greene's petition/motion should be **DENIED** without prejudice.

**SO REPORTED** and **RECOMMENDED** this 29TH day of January, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**